# MAHER & PITTELL, LLP

ATTORNEYS AT LAW

*Reply To:*
**42-40 Bell Blvd, Suite 302**
**Bayside, New York 11361**
**Tel (516) 829-2299**
***jp@jpittell.com***

*Long Island Office*
**14 Bond St, Suite 389**
**Great Neck, New York 11021**
**Tel (516) 829-2299**
***jp@jpittell.com***

November 9, 2026

Hon. Sara Netburn
Chief U.S. Magistrate Judge
U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *US v. Gonzalez, et al {Quadir Davonish}* 25 cr 576 (SHS)

Dear Chief Magistrate Netburn:

I am counsel for Quadir Davonish, a defendant in the above referenced matter.

Please accept this letter in lieu of a formal motion requesting a modification of a condition of Mr. Davonish's bond. At present, this condition requires him to be on home detention with location monitoring. By this letter motion, I respectfully request the condition be changed to a curfew with location monitoring and the hours to be determined by Pretrial Services.

Prior to submission of this letter, I conferred with Pretrial Services and the Government.

Pretrial Services believes this requested modification is appropriate. They report Mr. Davonish has been doing well. He continues to attend his mental health treatment sessions. He has been in compliance with the location monitoring condition of his bond. He reports as directed. During office visits, when a urinalysis is done, his only positive urine test was during January 2026.

Regarding employment, for approximately six months, he has been working for APEX handling security assignments including ones at major events such as the U.S. Open. He now has a second, and full-time, job with NYC Parks. This job involves cleaning and maintaining various park locations. He has been consistent in updating Pretrial Services with his current work locations. However, Pretrial Service informs this type of mobile employment (where the job site frequently changes) is generally not permissible for a person subject to home detention. They indicate a curfew condition is preferable.

During a prior bail status conference, there was discussion about possibly modifying Mr. Davonish's bail condition to a curfew. At that time, Pretrial Services recommended waiting until Mr. Davonish had secured employment and demonstrated consistency. Pretrial Services informs he has now met these goals. Accordingly, in light of his meeting these goals, compliance with his bond

conditions, and the mobile nature of his employment, Pretrial Services believes it is appropriate to revise the home detention condition to a curfew.

The Government informs it takes no position on this request and defers to Pretrial Services.

Respectfully submitted,
/s/
Jeffrey G. Pittell

cc: Hon. Sydney Stein (ECF)
Francesca A. Piperato, USPTS (email)
Frank.Balsamello, AUSA (ECF)
Diarra Guthrie, AUSA (ECF)

The bail modification request is GRANTED.
**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: November 13, 2026
New York, New York